Filed 3/17/14  P. v. Jung CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C071687 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F4304, 12F1345) |
| v. | |
| EDMOND LEE JUNG, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2011, in case No. 11F4304, defendant Edmond Lee Jung pleaded no contest to obstructing an executive officer.  (Pen. Code, § 69.)[1]  In exchange,  a count of

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

1

assault with a deadly weapon (§ 245, subd. (a)(1)) was dismissed. Imposition of sentence was suspended and defendant was placed on informal probation for three years on the condition, among others, that he serve 43 days in county jail with credit for 43 days.

In May 2012, in case No. 12F1345, a jury found defendant guilty of assault on a peace officer (§ 245, subd. (c); count one), battery upon a peace officer with injury (§ 243, subd. (c)(2); count two), obstructing an executive officer (§ 69; count three), misdemeanor battery (§ 242; count four), and misdemeanor aggravated trespass (§ 602.5, subd. (b); count six). Following jury deadlock, a mistrial was declared on a count of vandalism. (§ 602.5, subd. (b); count five.) Based on the jury verdicts, the trial court found that defendant had violated his probation in case No. 11F4304.

Defendant was sentenced to state prison for six years four months, consisting of five years for assault on a peace officer and eight months each for two counts of obstructing an executive officer. The sentence for battery upon a peace officer was stayed pursuant to section 654. Concurrent county jail terms were imposed for battery and trespass. Defendant was awarded 279 days' custody credit and 278 days' conduct credit. He was ordered to make restitution to a victim in the amount of $888.02 and was ordered to pay a $1,200 restitution fine (§ 1202.4), a $1,200 restitution fine suspended unless parole is revoked (§ 1202.45), a $240 court operations fee (§ 1465.8, subd. (a)(1)), and a $180 court facilities assessment (Gov. Code, § 70373).

## Case No. 11F4304[2]

Defendant was arrested following an altercation at a Redding motel. While in a patrol car, defendant was belligerent and emitted a strong odor of an alcoholic beverage. Defendant said he wanted to fight an arresting officer when he was released from custody, which he predicted would be the following day. During transport to jail,

---

[2] Because case No. 11F4304 was resolved by plea, our statement of facts is taken from the probation officer's report.

defendant called the transporting officer derogatory names, threatened to rape the officer's wife while the officer watched, and threatened to kill the officer. Defendant then spat upon the officer. At the jail, defendant resisted being secured to a bench. While being booked, defendant was argumentative and uncooperative with jail staff.

## Case No. 12F1345

Kenneth Payne telephoned 911 and asked that defendant be removed from Payne's residence. Several Redding police officers responded to the call. The officers knocked on the front door and announced their presence. Payne advised them that the front door was broken and directed them to the side door.

Payne stepped out the side door and advised the officers that defendant, who was his best friend, had been creating a disturbance and refused Payne's request to leave the residence. While the officers conversed with Payne, who appeared to be intoxicated, defendant stepped out the side door, told the officers he needed to put on a shirt, reentered the residence, and closed and locked the door.

Officers saw defendant standing near a living room window. Defendant tried to close the window blinds but they fell to the ground. He picked up the fallen blinds and threw them against the window glass. Then he made vulgar comments and gestures to the officers.

Payne was indecisive as to whether he would allow the officers to enter the residence to remove defendant. The officers watched as Payne tried to reenter the locked residence through a window. Defendant punched Payne, giving him a swollen lip. Payne declined to have defendant arrested.

Payne again tried to enter the house through the window. Defendant pushed Payne out the window, and Payne landed flat on his back. At that point, Payne authorized the officers to enter the residence and remove defendant. Payne signed a written consent form authorizing the entry.

3

Meanwhile, defendant yelled at the officers, "I'll come outside and kick your ass." The officers encouraged defendant to leave the residence.

At one point, Officer Timothy Renault closed an open window so defendant's yelling would not disturb the neighborhood. In response, defendant threw a large can of beer at the window. Renault stepped away from the glass in case it shattered. At the same time, he raised his arm to shield his face. In the raised arm, Renault was holding a flashlight that may have struck the window. The glass shattered, but Renault was not certain what had caused the window to break.

Defendant rushed toward the broken window, reached through the broken glass, and swung at Officer Renault. Renault raised his hands to defend himself. He sustained lacerations on both wrists but was not sure whether the injuries occurred when the beer can was thrown, when the flashlight was raised, or when he raised his arms to defend himself.

Defendant approached the front door and manipulated the door handle or the door lock. Officer Christopher Mills fired a taser at defendant, who fell to the ground. Defendant stood back up, and Mills ordered him to stay on the ground. Defendant did not comply. He again approached the front door and attempted to open it. Mills tried again to use his taser, but it did not function properly.

Officers kicked in the front door and encountered defendant behind the door. Officer Robert Garnero ordered defendant to lie down on the ground but he did not comply. Instead, defendant took an aggressive posture and shuffled toward Garnero. Wielding his baton, Garnero struck defendant four times: twice on his right thigh, once on his right bicep, and once on the right side of his back. Following the fourth strike, defendant said, "I give up," and the officers ordered him to lie down on his stomach. He did not comply, so the officers forced him onto his stomach and placed him in handcuffs.

Defendant was transported to a medical center for treatment of his injuries. Then he was booked into the Shasta County jail.

As a result of his injuries, Officer Renault received four sutures to his wrist and experienced residual pain and numbness in his hand.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                    MURRAY            , J.


We concur:


           BLEASE           , Acting P. J.


           DUARTE           , J.

5